GEORGE A. DOWDEN

*v.*

GUSTAVE M. JUNKER.

1. A complainant cannot successfully prosecute proceedings against a defendant for contempt for not obeying the decree of the court for the specific performance of an agreement to purchase lands, where it appears that he himself has not performed the acts required of him by said decree.

2. Injunctions issue under Rules 120 and 130 on filing in the clerk's office the determination of an injunction master or vice-chancellor advising the same.

3. An order to show cause why a party be not committed for contempt is to be filed, with the affidavits on which it is founded, as soon as possible, with the clerk of the court, and must before further proceedings are had be actually signed by the chancellor.

---

On order to show cause why defendant should not be punished for contempt.

*Mr. John H. McCracken,* for the motion.

*Mr. C. H. Collins* (of New York), *contra.*

Dowden *v.* Junker.

GREEN, V. C.

The bill in this case was filed for the specific performance of an agreement to purchase certain real estate. After trial, a decree was entered January 23d, 1891, decreeing that the articles of agreement between the parties should be in all things specifically performed by the complainant and defendant respectively; that the complainant should, within thirty days from the date of the decree, make, execute and acknowledge in due form of law, and deliver to the defendant, a good and sufficient warranty deed for the premises, and also cause and procure to be canceled two indentures of mortgage which were liens upon the property involved.

The decree further directed that he deliver at the same time to the defendant the possession of the premises and account for the rent or rents received by him therefrom since May 13th, 1890. It further decreed that the defendant pay to the complainant the $200 mentioned in the agreement, with interest thereon from June 2d, 1890, and that the balance of the purchase-money, $5,500, should be and remain a specific lien on the premises, and that said defendant should make and execute a bond and mortgage on the said premises to secure the said sum of $5,500, in the manner specified in the said agreement, and deliver the bond and mortgage to the complainant on the delivery of the deed.

A copy of this decree was served personally on the defendant on February 10th, 1891.

June 16th, 1891, application was made by the complainant to this court, founded on affidavits showing the service of the decree as above stated, and stating that the complainant had been ready to perform his part of the decree, but that the defendant, after several engagements so to do, had entirely failed on his part to obey the mandate thereof. On these affidavits an order was made that the defendant show cause on the 14th day of July, 1891, why an attachment should not issue against him for not performing the final decree. This order was advised by me as vice-chancellor under date of June 16th, 1891.

On the return of this order affidavits were filed by the defendant stating that two engagements were made by him with the complainant to carry out the directions of the decree, alleging that the place of appointment was different from that mentioned by the complainant in his affidavit, and alleging that he, the defendant, attended at the place so agreed upon, but that the complainant did not. Further, that he was ready, at the time and place, with the bond and mortgage, fully to comply with the directions of the decree, but charging that the complainant had not paid off the mortgages on the property, which payment was a condition precedent to the defendant taking the title, and that the said bonds and mortgages still remain liens upon the property.

The decree directed its performance within a time therein specified. It seems, by the affidavits of both sides, that the parties mutually agreed that this time should be extended, and there is contradiction between them as to what this subsequent arrangement really was, with reference to the time and place. The objection, however, that the complainant had not paid off and canceled of record the mortgages upon the property, which was to be done before the defendant should be required to take the deed, is not denied, and is a valid objection to the further prosecution of these proceedings to punish the defendant for contempt.

It appears, by the solicitor of the complainant presenting them in court, that the original affidavits, upon which the order to show cause was based, had not up to that time been filed in the office of the clerk. It also appears by the original order to show cause, also presented by the solicitor of complainant, that, although the same had been advised by a vice-chancellor, it had not been presented to the chancellor for signature, and that it also had not been filed in the office of the clerk of the court.

This is irregular. While rule 120 provides that, in a matter of injunction, an application may be made to an injunction master, and on his report that an injunction ought to issue, it shall be issued by the clerk on the filing with him of the petition and report; and rule 130, that the vice-chancellor shall be an injunction master, and injunctions shall issue upon his determination

Dowden v. Junker.

advising the same, and thereunder injunctions issue from the clerk's office on the filing of such determination and advice—orders to show cause why attachments should not issue in matters of contempt should, after the same are advised by a vice-chancellor, as soon as practicable be presented to the chancellor for his signature, and it, with the original affidavits on which the order is based, should be immediately filed in the office of the clerk of the court. The party is entitled, on application being made to the clerk, to have from him a certified copy of all papers to be used on the motion. Proceedings which involve the liberty of the citizen must in every step strictly comply with the letter and spirit of the law, and no attachment for contempt can be based upon an order to show cause which has not actually been signed by the chancellor and filed with the clerk of the court.

On both of these grounds the order to show cause must be discharged.